KEVIN R. KARP, ESQ.
NSB#1082
557 WASHINGTON ST.
RENO, NV. 89503
(775) 827-2557
*kevin@kkarplaw.com*
Attorney for Plaintiff
JAMES TURNER

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA-RENO

\* \* \* \* \*

| | |
|---|---|
| JAMES TURNER,<br><br>　　　　Plaintiff,<br>v.<br><br>CIGNA GROUP INSURANCE, INC., a corporation, aka CONNECTICUT GENERAL LIFE, aka LIFE INSURANCE COMPANY OF NORTH AMERICA, and DOES 1-10, inclusive,<br><br>　　　　Defendant(s). | CASE NO.: 3:18-CV-00314-MMD-WGC<br><br>**AMENDED COMPLAINT**<br><br>Judge: Miranda M. Du<br>Complaint Filed (State):May 30, 2018 |

COMES NOW, Plaintiff, JAMES TURNER by and through his attorney Kevin R. Karp, Esq., who hereby files this Amended Complaint against CIGNA GROUP INSURANCE, (hereinafter "CIGNA") aka Life Insurance Company of North America.

## I.

## JURISDICTION

1. Plaintiff brings this action for declaratory, injunctive and monetary relief pursuant to §502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1132(a)(1)(B).

2. This Court has subject matter jurisdiction pursuant to section 502 of ERISA, 29 U.S.C. § 1132 (e) and (t) as well as 28 U.S.C. § 1331 as this action involves a federal question.

## II.
## VENUE

3. Venue is proper in the Northern District of Nevada pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because Plaintiff resides in this District and the breaches alleged occurred in this District, and the ERISA-governed plan at issue was administered in part in this District.

4. Venue is also proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred within this District.

## III.
## FACTS

5. Cynthia Turner was a participant in an ERISA plan sponsored by her employer.

6. Prior to her death, she resided in Humboldt County, State of Nevada, which is also the location of her employer.

7. At all relevant times, the Plan is and was an employee benefit plan within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3).

8. At all relevant times the Plan offered life insurance benefits to employees, including Cynthia Turner.

9. The Plan was funded through and purchased by the employer of an insurance policy written by CIGNA in the amount of $250,000.

10. Plaintiff is informed and believes that Defendant CIGNA ("CIGNA.") is a corporation authorized to transact and transacting business in the Northern District of Nevada and can be found in the Northern District of Nevada.

11. CIGNA is the insurer of benefits under the Plan, and acted in the capacity of a plan administrator.

12. At all relevant times, Defendant CIGNA has been a fiduciary of the Plan within the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21).

13. At all relevant times, CIGNA has been the claims examiner and adjuster.

14. James Turner was the husband of Cynthia Turner who died in an accident in Humboldt County on or about July 23, 2017.

15. Cynthia Turner had, at the time of her death, a life insurance policy ("hereinafter "the Policy") of $250,000 naming her husband JAMES TURNER as beneficiary.

16. The life insurance Policy was issued by CIGNA as the Barrick Gold of North America policy OK 964659.

17. On or about July 23, 2017, Cynthia Turner went riding in an all terrain vehicle with her friend Lynne Russell.

18. As a result of an accident that occurred while Lynne Russell was driving, Cynthia Turner was killed.

19. The Policy provides that it will pay up to $250,000 to JAMES TURNER as a result of Cynthia's death.

20. After her death, JAMES TURNER filed a claim for $250,000 with CIGNA as the beneficiary of Cynthia Turner's life insurance Policy.

21. After said claim was filed, CIGNA refused to pay the benefits of said Policy on the grounds that Cynthia Turner was driving the vehicle when it left the Turner residence and that a post mortem blood test revealed that her blood alcohol level was over the legal limit under Nevada law.

22. Plaintiff timely submitted an appeal of Cigna's adverse determination in writing twice and provided Cigna with additional evidence to support his life insurance claim under the plan.

23. Despite the additional evidence Plaintiff submitted with his appeal Cigna denied his appeal. Thus Plaintiff has exhausted his administrative remedies.

24. After the denial, JAMES TURNER, through counsel, brought to CIGNA's attention that Humboldt County was not equipped to do proper post mortem blood alcohol tests and that a witness saw the vehicle shortly before the accident and Cynthia Turner was not the driver.

25. That in spite of these facts being brought to the attention of CIGNA, they refused and continue to refuse to pay the benefits of this life insurance Policy even though they have admitted the existence of the Policy and have further admitted that JAMES TURNER is the beneficiary.

## IIV.
## FIRST CAUSE OF ACTION
### *Declaratory Relief vs. CIGNA*

Plaintiff incorporates herein by reference, as if fully restated, each and every allegation contained in all paragraphs of this Complaint inclusive.

26. An actual controversy has arisen and now exists between Plaintiff, JAMES TURNER, on the one hand, and Defendant, CIGNA, on the other hand, concerning their respective rights and duties under the Policy.

27. JAMES TURNER contends that CIGNA is obligated to pay the benefits of the Policy.

28. CIGNA has refused to recognize that JAMES TURNER is entitled to the benefits of the Policy.

29. Accordingly, JAMES TURNER desires a judicial determination of his rights and duties under the Policy, as well as the rights and duties of the Defendant CIGNA under the CIGNA Policy.

## V.
## SECOND CAUSE OF ACTION
### *Breach of the Insurance Contract*

Plaintiff incorporates herein by reference, as if fully restated, each and every allegation contained in all paragraphs of this Complaint inclusive.

30. Cynthia Turner entered into a valid insurance contract (the "Policy") with CIGNA, and named James Turner as the beneficiary thereof.

31. The insurance contract is a contract of adhesion and should be interpreted broadly, affording the greatest possible coverage to the insured.

32. The contract must be given a construction which will fairly achieve its object of providing indemnity for any loss to which the insurance relates.

33. The terms of the insurance contract are to be understood in their plain, ordinary, and popular sense.

34. CIGNA breached the insurance contract by, among other acts, failing to adequately investigate; by failing to provide all of the benefits JAMES TURNER is entitled to under the Policy; by denying JAMES TURNER's claim; by placing its interests ahead of the insured's beneficiary; by failing to promptly and fairly process and settle JAMES TURNER's claims; and

by withholding benefits due and owing under the Policy.

## VI.
## THIRD CAUSE OF ACTION
### *Breach of the Duty of Good Faith and Fair Dealing*

Plaintiff incorporates herein by reference, as if fully restated, each and every allegation contained in all paragraphs of this inclusive.

35. CIGNA is, and at all times mentioned herein was, an entity regulated by Title 57 of the Nevada Revised Statutes.

36. JAMES TURNER incorporates the specific provisions of NRS 686A.310(1), NAC 686A.660, NAC 686A.670, and NAC 686A675. Under NRS 686A.310(2),

37. JAMES TURNER is specifically authorized to enforce the provisions of NRS 686A.310(1).

38. CIGNA has acted in violation of the Claims Practices Standards prescribed by NRS 686A.310 and by Nevada Insurance Regulations adopted pursuant thereto, including, but not limited to, misrepresenting to insureds or claimants pertinent facts or insurance contract provisions relating to any coverage at issue; failing to acknowledge and act promptly upon communications with respect to claims arising under insurance policies; failing to affirm or deny coverage of claims within a reasonable time after proof of loss requirements have been completed and submitted by the insured; failing to effectuate prompt, fair and equitable settlement of claims in which liability of the insurer has become reasonably clear; and failing to reference in the original denial letter the specific policy provision, condition or exclusion for the ultimate denial.

39. As a proximate and foreseeable result of these violations, JAMES TURNER has suffered damages in an amount in excess of the Court's jurisdictional minimum.

## PRAYER FOR RELIEF

**WHEREFORE**, the Claimant, JAMES TURNER, prays for relief as follows:

A. This Court declare and adjudicate the rights and duties of the respective parties hereto concerning the controversy referred to above and resolve any disputes concerning coverage for insurance benefits under the insurance Policy;

B. JAMES TURNER be awarded contractual and compensatory damages in an amount of $250,000.00;

C. For pre-judgment and post-judgment interest on all sums awarded, according to proof at the maximum legal rate;

D. For reasonable attorney's fees and costs of suit incurred herein; and

E. For such other and further relief as this Court may deem just and proper in the premises.

## AFFIRMATION

Pursuant to NRS 239B.030, the undersigned does hereby affirm that this document does not contain the social security number of any person.

DATED this __10th__ day of August, 2018.

KEVIN R. KARP, ESQ.
NSB#1082
NSB #12039
557 Washington St.
Reno, NV. 89503
775-827-2557
kevin@kkarplaw.com
*Attorneys for Plaintiff*
James Turner

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I hereby certify that I am an employee of KEVIN KARP, ESQ., and that on this ___6th___ day of August, 2018, a true and correct copy of the Amended Complaint was served to the parties to this action by U.S. District Court ECF (Electronic Case Filing) system fully addressed as follows:

> Anna Maria Martin, Esq.
> amartin@mmhllp.com
> MESERVE, MUMPER & HUGHES LLP
> 316 California Ave. #216
> Reno, NV.  89509

*/s/ Valerie Phillips*
Valerie Phillips
Secretary to Kevin Karp, Esq.